Taylor
 
 —Judge
 

 deliverd the opinion of
 
 the
 
 Court— Whatever doubts formerly prevailed as to the extent of a carrier’s responsibility, the law’ seems now to be well settled that he is liable for all Josses except such as happen by the act of God or the enemies of the state. All accidents which can occur by the intervention of human means, however irresistible they may be, he is considered as insuring a-' gainst. And this was held to be law, although the charge of negligence stated in the declaration was expressly negatived. Forward
 
 vs.
 
 Pittard, 1 Term Rep. 27. The principle of this liability seems to be, the public employment which carriers exercise, so that persons induced to confide in them in the course of business may receive all possible security— Cuggs
 
 vs.
 
 Bernard, 2 Ld. Ray, 147.
 

 A stronger case cannot well be put than that of Dale
 
 vs.
 
 Hale cited from 1 Wills, 281, in which it was holden to be no excuse that the ship was tight when the goods were placed on board; but that a rat bjr gnawing out the oakum1
 
 *175
 
 bad made a small hole, through which the water had gusli* ed. Sir William Jones in discussing this subject in his law of bailments, seems to consider that the exception as to the act of God and public violence is in truth part of the rule, and that the responsibility for a loss by robbers is only an exception to it, founded on a maxim of policy and good government to prevent confederacies between carriers and robbers. He bolds that a carrier is regularly liable for neglect, and that such is the true principle of the decision jn the case of Dale
 
 vs.
 
 Hale, although it is not mentioned by the reporter. Lord Mansfield in the case of Forward
 
 vs.
 
 Pittard concurs in the opinion of Sir William Jon^s as far as it extends, but in addition to the negligence for which he is liable and may be sued on his contract, he holds that a carrier is in the nature of an insurer by the custom of the realm, that is, by the common law : so that his contract binds him to duo care and diligence ; and even with the best care and diligence the common law applied to tbe nature of bis employment, renders him responsible for inevitable accidents, if not occasioned by the act of God.
 

 Admitting however that a carrier was liable only to the extent of his contract and that ordinary negligence must be ■proved against him in order to recover for a loss, it may be asked whether if such negligence may be imputed in the case of Dale
 
 vs.
 
 Hale, the charge is not at least as well grounded in tbe present case. It certainly was as easy to guard against the defectiveness of the rudder by a proper examination, as to prevent a hole being made in tbe bottom of the vessel in the other case, where the hold was charged with goods and the vessel pursuing her voyage, The declaration however in tbe case cited was founded on tbe contract and not on tbe custom, and the Chief Justice says that every thing is negligence that the law does not excuse, —Judgment for the plaintiff.